### BISHOP v. BARTON.

*Highways — bridges on Indian reservation — Statutory construction — Part 1 of Revised Statutes does not apply to Indians.*

A highway bridge was built within the boundaries of the town of S., but within the limits of an Indian reservation under the provisions of a special statute (Laws 1866, chap. 473). *Held,* that the commissioner of highways of the town of S. was not under obligation to keep such bridge in repair and was not liable to one damaged by such want of repair, although he had funds sufficient to make repairs in his hands.

The first part of the Revised Statutes was intended solely for the government of citizens of the State, and was not intended to embrace affairs pertaining to Indians or their reservations.

MOTION by plaintiff for a new trial, after a nonsuit at the circuit, upon exceptions ordered to be heard in the first instance at the general term.

The action was brought in Cattaraugus county by Lucius N. Bishop against Francis Barton to recover damages received by plaintiff by reason of the falling of a highway bridge. The defendant was at the time such bridge fell commissioner of highways of the town of South Valley, in said county. The bridge was over the Allegany river, and was situate within the boundaries of said town, but was wholly within the Allegany Indian reservation, and the highway leading thereto was on such reservation. The reservation was occupied by the Seneca nation of Indians and the bridge had been built under the provisions of an act of the legislature (Laws 1866, chap. 473). It was claimed on the part of plaintiff that defendant had funds in his hands which might be applied for the repair of the bridge, and that he had notice of its being out of repair. Such other facts as are material to the case sufficiently appear in the opinion.

*Wm. H. Henderson,* for plaintiff, cited *Blacksmith* v. *Fellows,* 7 N. Y. 401, 411; *Wadsworth* v. *Buffalo Hydraulic Assoc.,* 15 Barb. 94; *People* v. *Beardsley,* 52 id. 105.

*James G. Johnson,* for defendant.

GILBERT, J.  This appeal brings up only one question, namely, whether the defendant as commissioner of highways of the town of South Valley was charged with the duty of repairing the bridge in question by virtue of article 1, title 1, chap. 16, part 1, of the Revised Statutes.  The bridge was constructed pursuant to an act of the legislature passed in 1866 by a commissioner appointed by the same act.  It is entirely within the boundaries, as designated by statute, of the town of South Valley, and intersects a highway therein, but it is also situated wholly upon the Allegany Indian reservation.  The article of the Revised Statutes referred to provides that the commissioners of highways in the several towns in this State shall have the care and superintendence of the highways and bridges therein, and that it shall be their duty to give directions for the repairing of the roads and bridges within their respective towns, and to cause the highways and the bridges, which are or may be erected over streams intersecting highways, to be kept in repair.  This language by itself certainly would embrace the case. Still we are of opinion that the legislature did not so intend.  Part first of the Revised Statutes, in which the enactment quoted is contained, is entitled " An act concerning the territorial limits and divisions, the civil polity and internal administration of this State."  It was passed as one act December 3, 1827 (1. R. S. 715; Laws 1827, pp. 1, 2).  Upon the rule of construction adopted by this court and by the court of appeals in *People* v. *Molineux,* 53 Barb. 9; S. C., 40 N. Y. 113, it is manifest that the statute was intended solely for the government of citizens, and was not intended to embrace affairs pertaining to the Indians or their reservations.  Legislation concerning the latter subjects has never formed a part of the internal administration of the State, within the meaning of that statute, but has always been quite distinct from that relating to citizens generally (see Laws 1813, chap. 29, and subsequent statutes, 4 Edm. Stat. at Large, 342, *et seq.*). This fact strongly confirms the correctness of such construction.

It is unnecessary, therefore, to consider the extent of the power of the legislature over this subject before us.  For the reasons stated we think the defendant is entitled to judgment.

*Judgment accordingly.*